UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY MOREHOUSE,<br>Plaintiff,<br>v.<br>YASSER MANSOUR,<br>Defendant. | No. 2:25-cv-01597-DC-EFB (PC)<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, a motion for appointment of counsel, two motions to amend the complaint, and a few other miscellaneous motions. ECF Nos. 4, 6, 9, 10, 11, 13.

Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2) and thus will be granted leave to proceed in forma pauperis. Plaintiff has additionally paid the filing fee in full. Plaintiff seeks an order concerning the processing of his payment (ECF No. 6); the court will deny the motion as MOOT, as the court received and processed the payment on August 25, 2025.

////

////

Motion to Appoint Counsel

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, the record does not currently show exceptional circumstances as is required to appoint counsel. It is too early in the case to evaluate plaintiff's likelihood of success on the merits. Thus far, plaintiff has successfully presented his claim, which is based on established law that is not particularly complex. A request for counsel based on disability "essentially makes the same argument that every pro se inmate can make—namely, that an attorney could or would handle the case better than he can." *Hoang Minh Tranh v. Gore,* 2013 WL 878771, at *3 (S.D. Cal. Mar. 8, 2013). Although a lawyer is helpful to any litigant, to obtain appointment of counsel plaintiff "must show that because of the complexity of the claims he was unable to articulate his positions." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *aff'd en banc in relevant part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). "The resources available to the court to appoint counsel to represent prisoners proceeding pro se are very limited." *Parker v. Lynch*, No. 2:23-cv-0754 DC CSK P, 2025 U.S. Dist. LEXIS 156901, at *5 (E.D. Cal. Aug. 12, 2025). Because plaintiff has not shown that he is unable to articulate his positions in this litigation, he has not demonstrated exceptional circumstances.

Motions to Amend

Plaintiff seeks to amend the complaint to (1) correct an erroneous statement regarding his prior litigation history (ECF No. 10), (2) add a defendant (M. Solemani) (ECF No. 11), and (3) append additional evidence (ECF No. 13). Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend her complaint once as a matter of course if a responsive pleading has not yet

been filed, as is the case here. Accordingly, the court will grant the motions to amend.

Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

To succeed on an Eighth Amendment claim predicated on indifference to medical needs, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

For the purposes of § 1915A screening only, plaintiff has stated a potentially cognizable deliberate indifference claim against defendant Mansour.

Because plaintiff has expressed his intention to amend the complaint, the court will delay ordering service of this defendant at this time. The court will order service following screening of the amended complaint. Should plaintiff wish to proceed on the original complaint rather than file an amended complaint, he may so inform the court, and the court will direct service of the complaint on Mansour.

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 4) is GRANTED.
2. Plaintiff's motion for an order regarding the in forma pauperis application and/or the filing fee (ECF No. 6) is DENIED as moot.
3. Plaintiff's motion for appointment of counsel (ECF No. 9) is DENIED.
4. Plaintiff's motions for leave to amend the complaint (ECF Nos. 10, 11, 13) are GRANTED. Plaintiff shall file, within 30 days of the date of this order, the amended complaint or a notice that he wishes to proceed on the original complaint.

////

////

////

5. Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, potentially cognizable Eighth Amendment claims against defendant Yasser Mansour. The court will direct service of the complaint on Mansour after screening the amended complaint.

DATED: September 10, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE